## ABNER CROWELL *vs.* ADOLPHUS DAVIS.

C. and D. agreed to submit all disputed claims between them to the final award of B., and to abide by his decision; and that if B. should decline to act alone, as referee, he might select one or two other referees to act with him; and that if he should decline altogether, the matters should be referred to such person or persons as he should select: B. declined to act, and appointed G., H. and I. as referees, on the 23d of March, of which appointment C. and D. had immediate notice, and G., as chairman of said referees, called on D., and informed him that the referees had agreed to hear the parties, in the afternoon of that day: D. told G. that he could not attend to the business on that day; and G. told D. that H. and I. could not attend at any other time, and that other referees would have to be appointed in their place; to which D. made no objection nor reply: On the next day, G. gave notice to D. that the hearing would be on the 27th of March, at a certain place: On said 27th of March, H. and I. were not present at the appointed place, and B., at the request of C. and G., appointed K. and L. as referees in their stead: G., K. and L. thereupon proceeded to hear C., in the absence of D., and made an award in C.'s favor. *Held*, that D. was not bound by the award.

THIS was an action of covenant broken, and was founded on the following instrument: " Boston, March 22, 1841. It is hereby agreed, by and between the undersigned, to submit all matters of claim or account, of every description now standing disputed or unsettled between them, to the final

award and arbitrament of Alexander Baxter of Yarmouth, in the county of Barnstable, and to abide by his decision therein, for the final settlement of all such accounts, and especially a suit now pending at Hartford, Connecticut, in which Adolphus Davis is plaintiff, and Abner Crowell defendant. And on his part, said Davis agrees to discontinue and withdraw said suit at Hartford. And it is also agreed that in case said Baxter shall decline acting as referee alone, he may select one or two other referees to act with him; or if he declines altogether, the matters shall then be referred, in the same way, to such person or persons as he may select. Each party hereby agrees, if he shall fail to comply with the award, when finally made, to forfeit to the other the sum of five hundred dollars.

Adolphus Davis. (seal.)<br>Abner Crowell. (seal.)"

At the trial in the court of common pleas, before *Merrick*, J. it was admitted that said instrument was executed by the parties on the day it bears date, in Boston, where the defendant resided. And there was evidence tending to prove the following facts:

" Alexander Baxter, named in said instrument, declined to act as referee, and thereupon he appointed, in writing, on the 23d of March 1841, Charles Goodspeed, Francis Hallett and Zadock Crowell, to be the referees to determine the said several matters between the said parties; of which appointment the said referees and parties immediately had due notice. The said referees agreed to hear the parties and determine the said several matters submitted, in the afternoon of the same 23d day of March; and thereupon the said Goodspeed, as chairman of said referees, immediately called on the defendant, at his boarding-house, and gave him notice thereof; to which the defendant replied, that it would be impossible for him to attend to the business on that day. The said Goodspeed then told the defendant that, by reason of the engagement of the other two referees, if the hearing of the parties to the submission did not take place that day, other referees would have to be appointed in their places. To this the

defendant made no objections nor reply. The next day, March 24th, the said Goodspeed prepared a written notice to the defendant, that the hearing of the parties, by the referees, relative to the matters submitted, would take place at Hyannis, in the county of Barnstable, at the house of Hiram Bearse, on the 27th day of the same month; which notice was immediately given to the defendant. On the said 27th of March, the said Francis Hallett and Zadock Crowell not being present at the house of said Hiram Bearse, to act as referees, the said Baxter then, at the request of the plaintiff, and of said Goodspeed, appointed, in writing, Jonathan Hallett and Warren Hallett, as referees, in the place of said Francis Hallett and Zadock Crowell. The said Goodspeed and the two last appointed referees thereupon immediately proceeded to hear the plaintiff, in relation to the said matters submitted, and having done so, they made an award in writing. The defendant was not present, nor was any person present in his behalf; nor had he any notice of the last appointment of referees, made by the said Baxter, nor any notice that a hearing was then to take place before the referees, other than that before mentioned. The award, having been made in writing by the referees, was delivered to the plaintiff, who, before the commencement of this action, gave notice thereof to the defendant, communicated to him its contents, and requested him to perform it. The defendant replied, that he should do nothing about it, as he had not received proper notice of the proceedings."

The plaintiff offered to prove that Francis Hallett and Zadock Crowell, after they found that a hearing could not take place at Boston on the said 23d of March, declined to act as referees. But the judge, being of opinion that the defendant was not bound by the award, made under the circumstances before mentioned, whether the said Francis and Zadock declined serving as referees or not, refused to admit the evidence.

Under the instructions given by the judge to the jury, a verdict was returned for the defendant, and the plaintiff alleged exceptions.

*Hallett*, for the plaintiff.

*A. H. Fiske*, for the defendant.

SHAW, C. J.   The validity of this award must depend upon the due and proper appointment of the arbitrators, and the regularity of their proceedings.   If Baxter, after he had declined to act as referee, and had appointed Goodspeed, Francis Hallet and Crowell, and given notice thereof to the parties, had the further power, under the instrument of submission, to substitute new referees, *toties quoties*, of which we give no opinion, we are of opinion, that such authority could only be well executed by giving notice to the defendant, that two of the referees, first appointed, had declined, and that two others had been appointed.   Such notice was necessary, among other things, to give the defendant an opportunity to except to the appointment of the substituted referees, or either of them, for just cause.   But further; having had notice to attend, before the referees first named, at Barnstable, supposing it reasonable, as to time and place, without any notice that any change of referees had been made or intended, if he knew the fact, as he might, that two of the referees did not go to Barnstable at the time notified, he could have no reason to suppose that a hearing would or could then and there be had.   Now it appears, by the facts, that Warren Hallett and Jonathan Hallett were appointed in place of Francis Hallett and Crowell, who had declined, at Barnstable, on the day of the *ex parte* hearing.   Of this appointment the defendant had no notice in fact; and if it was not his duty to be there at that time, such want of notice was not attributable to his own default.

But no notice of the time and place of hearing was given by the referees who made the award.   A notice was made and given to the defendant at Boston, to appear at Barnstable, signed by Goodspeed, chairman.   He was then chairman of the board first named, and he must have acted under their authority and direction; otherwise, his act was void.   This notice, in its legal effect, was a notice from Goodspeed, Crowell and Francis Hallett, to appear for a hearing before

them. The giving notice of the time and place of hearing is essentially a part of the authority conferred on referees, and is often very important, to insure a full and fair hearing And although Goodspeed may have acted as chairman, in the second board of referees, as well as the first, yet they were distinct aggregate bodies. The notice issued by him in Boston, as chairman, could not be regarded as done under the authority and in behalf of the second board, who actually made the award; because they were not then appointed. It was not, therefore, their act done through him, as their chairman.

Without considering other objections to this award, the court are of opinion that it was not valid, because the defendant had no notice of the appointment of two of the referees, till after the award was made, and because he had no notice of the time and place of hearing, from the referees, who made the award.

*Exceptions overruled.*